**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10989

Non-Argument Calendar

_____

RAMON GONZALEZ FIGUEROA,

*Plaintiff-Appellant,*

*versus*

JETBLUE AIRWAYS CORPORATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-61178-AHS

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal presents a question of preemption under the Airline Deregulation Act ("ADA").  Figueroa sued JetBlue for negli-

gence.  He alleged that JetBlue negligently placed him on its uninvited-to-fly list in violation of Florida tort law.  JetBlue responds that the ADA preempts Figueroa's common-law negligence claim.  The district court agreed with JetBlue and dismissed Figueroa's claim with prejudice.

## I

We agree that the ADA preempts Figueroa's claim.[1]  "[A] State . . . may not enact or enforce a law . . . related to a price, route, or service of an air carrier . . . . "  49 U.S.C. § 41713(b).  That provision fits this case to a tee.

First, Florida's common law of negligence is a "law" within the meaning of the ADA's preemption provision.  *See Nw., Inc. v. Ginsberg*, 572 U.S. 273, 281 (2014) ("[S]tate common-law rules fall comfortably within the language of the ADA pre-emption provision.").

Second, that law is "related to . . . [the] service of an air carrier."  49 U.S.C. § 41713(b).  "A claim satisfies this requirement if it has a connection with, or reference to, airline . . . services."  *Ginsberg*, 572 U.S. at 284 (citation modified).  We've interpreted "services of an air carrier" to mean "a bargained-for or anticipated provision of labor" from the air carrier to the passenger, including "the transportation itself."  *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1256–57 (11th Cir. 2003) (citation modified); *see also Ginsberg*,

---

[1] We review de novo the district court's grant of a motion to dismiss.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

572 U.S. at 284 (describing "access to flights" as a "service" to which the ADA refers).  When JetBlue placed Figueroa on its uninvited-to-fly list, it opted to deny him access to its transportation services. The claim arising from this act, therefore, relates to these services.

Figueroa asserts that his claim is akin to the removal claim in *Xiaoyun Lucy Lu v. AirTran Airways, Inc.*, 631 F. App'x 657, 661 n.3 (11th Cir. 2015).  There we commented, in dicta, that a claim arising from a passenger's "wrongful removal" from a flight was not related to a service under the ADA.  *Id.*  Figueroa characterizes his claim, like the one in *Lu*, as "much more than a simple dispute over ticketing or transportation itself" and instead about wrongful removal.  Br. of Appellant at 8 (citation modified).  We disagree. Figueroa's complaint makes clear that he seeks relief for "JetBlue's arbitrary, capricious, and negligent decision to place [him] on the [uninvited-to-fly] list."  Compl., Dkt. No. 1 ¶ 23.  That is quite different from *Lu*, where the passenger was seeking relief for being wrongfully removed from a flight before take-off—after having acquired a ticket and boarding the plane.  *Lu*, 631 F. App'x at 659. This claim, in short, speaks directly to the "economic decisions and bargained-for contractual features" of JetBlue's business (*i.e.*, to whom they sell tickets) in a way that *Lu* did not.  *Id.* at 661 n.3 (distinguishing *Branche*, 342 F.3d at 1258).  Because Figueroa's claim is preempted by the ADA, the district court did not err in dismissing it.

## II

The district court's dismissal with prejudice was not an abuse of discretion.[2] "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004). Amendment here would be futile. In his reply brief, Figueroa explains the amendment he would make if given the chance. He would add "more details regarding the circumstances that occurred when his flight landed, including his encounter with law enforcement." Reply Br. at 3. These additional facts, however, wouldn't alter the preemption analysis. Unlike the passenger in *Lu*, Figueroa was placed on the uninvited-to-fly list—and thereby barred from flying future JetBlue flights—only *after* his flight (or the benefit he bargained for) concluded. More granular allegations regarding JetBlue's supposed negligence would not alter the fundamental nature of the claim—Figueroa would still be seeking relief based not on any act of removal, but rather on JetBlue's refusal to provide him future services, and is therefore

---

[2] We review the district court's decision to deny a plaintiff's motion to amend his complaint for an abuse of discretion. *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003). Moreover, we "may affirm the judgment of the district court on any ground supported by the record . . . ." *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

25-10989                  Opinion of the Court                  5

preempted by the ADA.[3]   The district court did not err in dismissing Figueroa's claim with prejudice.

**AFFIRMED.**

---

[3] It is enough here to distinguish the dicta in *Lu*.  We needn't comment one way or the other on the question whether an unlawful-removal claim would be preempted.